HABERBUSH & ASSOCIATES, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ. SBN 287044
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-Mail: dhaberbush@lbinsolvency.com

Proposed Attorneys for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PAC ANCHOR TRANSPORTATION, INC., Consisting of Pac Anchor Transportation, Inc. and Green Anchor Lines, Inc.,<br><br>Debtor and Debtor-in-Possession. | Case No. 2:17-bk-18213-ER<br><br>**Chapter 11**<br><br>Adv. Pro. No. 2:17-ap-<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION AND FILING OF UNDERLYING PLEADINGS**<br><br>[No hearing required] |
| PEOPLE OF THE STATE OF CALIFORNIA, ex rel. KAMALA D. HARRIS, Attorney General of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>PAC ANCHOR TRANSPORTATION, INC., a California Corporation, ALFREDO BARAJAS, and individual, GREEN ANCHOR LINES, INC., a California corporation, DOES 1-150,<br><br>Defendant. | |

**TO THE UNITED STATES BANKRUPTCY COURT AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 157(a), 157(b)(2), 1334, and 1452, that Pac Anchor Transportation, Inc., Consisting of the Merger of Pac Anchor Transportation, Inc. and Green Anchor Lines, Inc., debtor and

THIS DOCUMENT PREPARED ON RECYCLED PAPER

1  debtor-in-possession herein ("Debtor"), hereby removes to this Court the action currently pending in the
2  Superior Court of the State of California, County of Los Angeles, Central Branch, entitled *California,*
3  *ex rel. Kamala D. Harris v. Pac Anchor Transportation, Inc., et al.*, case number BC397600 (the
4  "Removed Action"). As required by Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, a
5  true and correct copy of all process and pleadings filed in the Removed Action is attached hereto and
6  incorporated herein, by this reference, as Exhibit "1." Debtor respectfully represents as follows:

7      On July 6, 2017 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of title
8  11 of the United States Code, which commenced the bankruptcy case, *Pac Anchor Transportation, Inc.,*
9  *Consisting of the Merger of Pac Anchor Transportation, Inc. and Green Anchor Lines, Inc.*, case number
10  2:17-bk-18213-ER (the "Bankruptcy Case").

11      By way of background, Debtor has filed this bankruptcy proceeding for the primary purpose of
12  resolving its potential liability associated with its practice of compensating its drivers as 1099
13  independent contractors rather than as W-2 hourly employees. Due to the disputes related to its
14  employment practices that are described below, prior to the bankruptcy filing, Debtor began converting
15  its drivers from independent contractors to employees. Debtor did so not as an admission of having
16  committed unfair labor practices, unfair competition, or any other action involving unlawful employment
17  practices but to ensure that future lawsuits are cut off and so that it can effectively reorganize through
18  this bankruptcy proceeding without risk of future litigation or potential liability. Debtor's conversion
19  of its drivers from independent contractors to hourly employees relates to how the drivers are
20  compensated. Previously, Debtor's drivers were paid as 1099 independent contractors with no
21  withholdings taken for taxes. Now, those drivers that have been converted to the new employment
22  model are compensated by W-2 hourly wages and withholdings are taken from this compensation as
23  required by applicable law. This conversion process has not yet been completed, but Debtor has
24  converted approximately 40 of its 80 drivers to hourly employees to date. Debtor will continue to
25  convert its drivers to hourly employees during the bankruptcy process.

26      Prior to the bankruptcy filing, on or about September 5, 2008, the Attorney General, on behalf
27  of the State of California, brought a lawsuit against Debtor, seeking, among other things a determination
28  of Debtor's liability for unpaid payroll taxes in favor of the State of California. This commenced the

HABERBUSH & ASSOCIATES, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

case *People of the State of California, ex rel. Kamala D. Harris v. Pac Anchor Transportation, Inc., et al.*, styled case number BC397600, before the Superior Court of California, County of Los Angeles (the "Removed Action"). The Removed Action alleged that Debtor engaged in various violations of law due to its employment practice related to its drivers. The operative complaint in the Removed Action is the Complaint for Restitution, Penalties, and Injunctive Relief filed on September 5, 2008 (the "Complaint") and the Supplemental Complaint filed on February 18, 2016 (the "Supplemental Complaint"). A true and correct copy of the Complaint is attached hereto and incorporated herein, by this reference, as Exhibit "2" (the Complaint is also included as part of the process and pleading supplied in Exhibit "1"). A true and correct copy of the Supplemental Complaint is attached hereto and incorporated herein, by this reference, as Exhibit "3"(the Supplemental Complaint is also included as part of the process and pleading supplied in Exhibit "1"). Debtor was served the Complaint and Supplemental Complaint and has responded to both.

Prior to the bankruptcy case, Debtor employed each of its drivers as an independent contractor. As such, they were not paid W-2 wages and were instead paid 1099 compensation, and no withholdings for taxes or other required withholdings were taken from their compensation. All of the allegations in the Removed Action relate to this employment practice of Debtor resulting in claims for taxes the State alleges should have been withheld from the drivers' compensation already to be paid and that which the State claims was underpaid. The Removed Action was pending on the Petition Date.

The Removed Action seeks various relief pursuant to alleged violations of California Business and Professions Code § 17200 (unfair competition). The Attorney General, on behalf of the State of California, seeks a determination of Debtor's liability for unpaid payroll taxes in favor of *the State of California* (page 2, line 10 of the Supplemental Complaint) calculated on the basis of alleged unpaid compensation to its truck driver employees, determination and restitution of unpaid compensation on behalf of present and former truck driver employees of Debtor, civil penalties, and injunctive relief.

In addition to the Lawsuit, Debtor has one additional action pending against it related to the way in which it compensated its drivers. This action is entitled *Carlos Mosquera, and Juan Francisco Rodriguez on behalf of themselves and all others similarly situated, v. Pac Anchor Transportation, Inc.*, styled case number BC 664927 filed in the Superior Court of the State of California, County of Los

Angeles (the "Class Action"). Concurrently with this removal, Debtor has filed second removal of the Class Action. A true and correct copy of the Complaint is attached hereto and incorporated herein, by this reference, as Exhibit "4." The Complaint filed in relation to the Class Action shall hereinafter be referred to as the "CAC."

The relief sought in the Attorney General's Supplemental Complaint and the CAC have common allegations related to employment practices, including allegations of misclassification of claims (Supplemental Complaint, page 2, lines 6-7 and page 6, lines 27-28; CAC page 2, lines 10-11 and page 12, lines 6-9), failure to reimburse employees (Supplemental Complaint, page 2, lines 8-9 and page 7, lines 27-28; CAC page 7, lines 5-6), failure to pay minimum wage (Supplemental Complaint, page 2, line 11 and page 8, lines 1-2; CAC page 2, lines 11-17, page 6, lines 7, page 7, line 4, page 14, lines 4-9, page 15, lines 4-6, page 17, lines 18-28, page 19, lines 2-8, and page 21, lines 8-12), failure to provide drivers with itemized statements (Supplemental Complaint, page 7, lines 24-25; CAC page 2, line 18, page 20, line 7-13 and page 21, lines 8-12), that the drivers employed by Debtor do not own their own trucks (Supplemental Complaint, page 2, line 24; CAC page 4, lines 21-22), that the drivers employed by Debtor do not own their own tools and equipment (Supplemental Complaint, page 2, line 25; CAC page 6, line 28-line 1, page 4, line 28 to page 5, line 2), that the drivers employed by Debtor do not own a business or have any customers (Supplemental Complaint, page 2, line 26 and page 7, lines 1-2; CAC page 5, line 16), that the drivers employed by Debtor do not have DOT operating authority (Supplemental Complaint, page 3, lines 1-3; CAC page 5, line 17-19), that the drivers employed by Debtor are not skilled workers (Supplemental Complaint page 3, line 4 and page 7, lines 3-4; CAC page 5, lines 11-12), that the drivers employed by Debtor take all direction from Debtor in the discharge of their employment responsibilities (Supplemental Complaint, page 3, lines 5-6 and page 7, lines 4-5; CAC page 4, lines 23-24 and lines 26-27, and page 5, lines 13-14), that the drivers employed by Debtor are an integrated part of Debtor's core business (Supplemental Complaint, page 3, line 7-8; CAC page 5, lines 5-6), and that the drivers employed by Debtor have no significant opportunity for profit or loss, except to work longer hours (Supplemental Complaint, page 3, line 12 and page 7, line 7-8; CAC page

5, lines 9-10). With a few exceptions,[1] which are mere factors in support of the core claim of misclassification of employees as independent contractors and not hourly employees, the bulk of the substantial non-penalty related relief sought in both complaints is compensatory in nature: to recover underpayment of alleged employee compensation and employment-related taxes on such compensation. In the Supplemental Complaint, this relief is labeled restitution, whereas in the CAC it is labeled damages.

In addition to the foregoing, the Supplemental Complaint seeks to establish liability for failure to report, deduct and pay over to the State of California payroll taxes related to the alleged non-payment of compensation to the present and former truck driver employees of Debtor. Nevertheless, all of the non-penalty related relief sought in both actions will involve first a determination as to the employment status of the drivers employed by Debtor and, second, if that employment status was misclassified by Debtor as independent contractors, the determination of the underpayment of compensation, if any, to such drivers. The claims for unpaid taxes related to such compensation is not determinable unless and until both misclassification and underpayment of compensation have been litigated to an outcome favorable to both plaintiffs. Moreover, the exact liability for unpaid payroll taxes arises only if misclassification of the truck driver employees of Debtor as independent contractors is litigated and determined. In that event, the liability for withholding taxes from the *compensation already paid* to the truck drivers as independent contractors and liability for interest and penalties related thereto will arise in favor of the State of California and against Debtor, all of which claims are strictly for the benefit of the State of California, and no one else. Secondly, if the Court determines that misclassification of the truck driver employees as independent contractors results in additional liability for unpaid compensation to such employees, Debtor has no liability for taxes withheld from such compensation only if and until Debtor pays such compensation to the truck driver employees. It is not until payment of the unpaid wages occurs that the obligation to withhold taxes from such compensation arises. Therefore, the ultimate liability for the withholding taxes does not now exist and will depend upon the actual

---

[1] The Supplemental Complaint includes additional allegations of Debtor's failure to obtain workers compensation insurance (page 2, lines 11-12 and page 7, lines 22-23), and Debtor's ability to discharge drivers at any time without cause (page 3, line 12).

distribution to be made, if any, to the present and former truck driver employees of Debtor should this Court determine such claims to have been misclassified. Consequently, unless and until distributions are made in this case pursuant to a confirmed Chapter 11 plan of reorganization or a liquidation and distribution under chapter 7 occurs does the obligation to report, withhold, and pay over withholding taxes to the taxing authorities arise. The amount of the compensation to be paid and the taxes to be withheld cannot be determined at this time. However, the determination of prepetition tax claims is a core determination that can and should only be determined by this Court. 28 U.S.C. § 157(b)(2)(B).

Debtor concedes that certain of the claims for relief in the Supplemental Complaint are not subject to the automatic stay of 11 U.S.C. § 362, by virtue of the exception set forth in 11 U.S.C. § 362(b)(4). Those include the requests for civil penalties and injunctive relief. However, all of the penalties sought by the State of California are directly dependent upon a determination of the number of employment law violations committed by Debtor. Thus, the penalties sought to be imposed against Debtor depend upon the same factual determinations as are raised in both removed actions. Thus, the litigation of the two removed actions will be duplicative in almost all respects. Further, the determination of the State's claim for unpaid withholding taxes based on compensation already paid is inextricably bound with a determination of whether the truck driver employees were underpaid. The determination of prepetition tax liability, if any, will involve a determination of any tax liability to be incurred upon payment of additional compensation to employees for prepetition debts because all of such liabilities depend upon the State's ability to prove misclassification of the employment status of the truck driver employees. Consequently, proceeding with any portion of the Supplemental Complaint will be a determination of those matters that are strictly the advancement of the State's sole pecuniary interests based upon the allegation of liability for withholding taxes that should have been reported and paid to the State for compensation already paid to the truck driver employees. Additionally, because Debtor is well into shifting its employment model from independent contractors to hourly wage employees, subject to certain limitations concerning the time during which Debtor shall have in which to convert all of its drivers to hourly employees, Debtor will consent to an injunction requiring it to shift its employment model to hourly wage employment model provided that such consent is not an admission of having committed unfair labor practices, unfair competition, or any other action involving unlawful employment

practices.

If this Court determines that relief sought by the Supplemental Complaint, other than for injunctive relief and civil penalties, is not stayed virtue of the exception set forth in 11 U.S.C. §362(b)(4) and is not removable pursuant to 28 U.S.C. §1452(a), Debtor intends to seek injunctive relief from this Court pursuant to its powers under 11 U.S.C. § 105 to prevent duplicative and repetitive litigation of the same underlying facts in two separate forums with possibly two different outcomes and double recoveries[2] because the underlying determinations of misclassification and underpayment of compensation, if any, are identical in all respects and for the Court to determine. Both actions deal with claims against the estate and, as such, should be adjudicated by this Court as part of this Court's core bankruptcy jurisdiction. 28 U.S.C. § 157(b)(2)(B).

Additionally, if both the Attorney General and the plaintiffs in the Class Action file proofs of claim in this bankruptcy case, Debtor will seek an order modifying the automatic stay to allow for consolidation of the two proceedings because the underlying determinations of misclassification and underpayment of compensation, if any, are identical in all respects and for this Court to adjudicate as part of the claims process.

The Removed Action is a civil action and is not a proceeding before the United States Tax Court, or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.[3]

This Removed Action is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and 157(b)(2)(B)

---

[2] The claims asserted in the Supplemental Complaint for restitution are the very same claims as are asserted by the Plaintiffs in the Class Action and thus are duplicative. Pursuant to 11 U.S.C. § 502, a determination of the extent of the duplication of the claims will necessarily take place before this Court and will involve the presentation of the same evidence as will be presented at the trial of the Supplemental Complaint. Judicial economy and avoidance of conflicting and confusing results is best served by imposing a stay while the underlying claims of the Class Action and the claim for restitution in the Supplemental Complaint are litigated and the parties entitled, if any, to such restitution are determined by this Court. Once that determination has been made, and if it is favorable to the plaintiffs in both actions, the stay may terminate so that the Supplemental Complaint may proceed forward with respect to the imposition of penalties based upon the unlawful labor practices having been determined by this Court in a strictly civil context.

[3] As discussed above, portions of the Removed Action may be within the State's police or regulatory power, namely the requests for civil penalties and injunctive relief. However, all of the penalties sought by the State of California are directly dependent upon a determination of the number of employment law violations committed by Debtor. For the reasons discussed above, removal of the entire action is appropriate and to the extent certain portions may be within the State's police or regulatory power, those portions be stayed pending the determination of Debtor's underlying liability.

because it seeks a determination of the allowance or disallowance of claims and concerns administration of the bankruptcy estate.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b).

In accordance with Federal Rule of Bankruptcy Procedure 9027, a copy of all process and pleadings filed in the State Court Action is attached hereto and incorporated herein, by this reference, as Exhibit "1."

Removal of the Removed Action is timely under Federal Rule of Bankruptcy Procedure 9027(a) and 28 U.S.C. § 1446(b) because it was filed within 90 days after the order for relief was filed.

In accordance with Federal Rule of Bankruptcy Procedure 9027(b) and (c), Debtor will promptly file a copy of this Notice of Removal with the Clerk of the State Court and serve the appropriate notice on all parties.

**PLEASE TAKE FURTHER NOTICE** that the removal of the Removed Action and all claims and causes of action therein is effected upon the filing of this Notice of Removal with the Clerk of the State Court pursuant to Federal Rule of Bankruptcy Procedure 9027(c). The Removed Action is removed to the United States Bankruptcy Court for the Central District of California, Los Angeles Division, and the parties to the Removed Action shall proceed no further in the state court unless otherwise ordered by the Bankruptcy Court.

Respectfully submitted,

HABERBUSH & ASSOCIATES, LLP

By:_____
DAVID R. HABERBUSH, ESQ., Proposed Attorneys for Debtor and Debtor-in-Possession

THIS DOCUMENT PREPARED ON RECYCLED PAPER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*):    **NOTICE OF REMOVAL OF STATE COURT ACTION AND FILING OF UNDERLYING PLEADINGS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 7, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Vanessa M Haberbush**   vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**   hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **July 7, 2017** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 7, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2017 | Alexander S. Bostic | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                       **F 9013-3.1.PROOF.SERVICE**

F 9013-3.1.PROOF.SERVICE

Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street,
Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

Timothy J. Kolesnikow
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013

Cox, Wootton, Lerner, Griffin & Hansen LLP
12011 San Vicente Blvd., Suite 600
Los Angeles, CA  90049

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE