# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Thursday, July 13, 2017**                                                                 **Hearing Room**    **1568**

**10:00 AM**
**2:17-18213**    Pac Anchor Transportation Consisting of the Merger                        **Chapter 11**

    **#8.00**    Hearing
RE: [14] Emergency Motion of Debtor and Debtor-in-Possession for an Order Authorizing Debtor-in-Possession to Pay Prepetition Payroll and Any Related payroll Taxes and to Honor Prepetition Employment Procedures

        Docket    11

**Matter Notes:**
    7/13/2017

    The tentative ruling will be the order.
    Party to lodge order: Movant

### POST PDF OF TENTATIVE RULING TO CIAO

    Please note for the docket:

    Claims Bar date is October 31, 2017

**Tentative Ruling:**
    7/12/2017

    This tentative ruling is subject to being modified or vacated as a result of any opposition that may be presented at the hearing. The Court is prepared to GRANT the Motion.

    **Pleadings Filed and Reviewed**
    1. Emergency Motion of Debtor and Debtor-in-Possession for Order Authorizing Debtor-in-Possession to Pay Prepetition Payroll and Related Payroll Taxes and to Honor Prepetition Employment Procedures: Memorandum of Points and Authorities ("Motion") [Doc. No. 13]
        a. Declaration of Alfredo Barajas in Support of Emergency Motion and in

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Thursday, July 13, 2017**                                                          **Hearing Room**    **1568**

10:00 AM
**CONT...**        **Pac Anchor Transportation Consisting of the Merger**                                **Chapter 11**
              Support of Hearing Motion on Emergency Basis ("Decl. of Alfredo
              Barajas")
   2. Notice of Motion [Doc. No. 14]

**Facts and Summary of Pleadings**
    On July 6, 2017, Pac Anchor Transportation, Inc. ("Debtor") filed a voluntary chapter 11 petition ("Petition"). Doc. No. 1. Debtor is a trucking company located in Wilmington, California, and provides trucking services throughout the western United States.
    Prior to the bankruptcy filing, the California Attorney General filed suit against Debtor on September 5, 2008, seeking, among other things, a determination of Debtor's liability for unpaid payroll taxes related to Debtor's classification of its drivers. *See People of the State of Cal., ex rel. Kamala D. Harris v. Pac Anchor Transp., Inc., et al*, No. BC397600 (Cal. Super. Ct. Sept. 5, 2008) ("AG Complaint"). Debtor previously employed all of its drivers as independent contractors and, as a result, did not pay the otherwise required tax withholdings associated with W-2 employee wages. The AG Complaint seeks a determination of Debtor's liability for the unpaid payroll taxes. Debtor intends to remove the AG Complaint to this Court, stating that the prepetition tax claims relate to a core determination pursuant to 28 U.S.C. § 157(b)(2)(B).
    Additionally, former employees filed an additional lawsuit on June 14, 2017, similarly related to the classification of the Debtors' drivers as independent contractors. *See Carlos Mosquera, and Juan Francisco Rodriguez on behalf of themselves and all others similarly situated, v. Pac Anchor Transp., Inc.,* No. BC664927 (Cal. Super. Ct. June 14, 2017) ("Class Complaint"). Debtor intends to remove the Class Complaint to this Court as well.
    The Debtor asserts that it is currently in process of converting its drivers to hourly employees and has converted approximately forty (40) of the eighty (80) drivers to date.

    *Motion to Pay Prepetition Wages*
    Debtor filed the Motion on July 10, 2017. Doc. No. 13. Debtor requests authority to pay prepetition wages, including appropriate employer taxes, for its staff and employee drivers for the period of June 26, 2017 to July 5, 2017, and prepetition payroll for its independent contractor drivers for the period of July 1, 2017 to July 5, 2017 ("Contractors"). Debtor contends that the payments to the employees and

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, July 13, 2017**                                                                                           **Hearing Room    1568**

10:00 AM
**CONT...        Pac Anchor Transportation Consisting of the Merger                                 Chapter 11**

Contractors are necessary to continue the operation of Debtor's business. The Motion states that no payment to any individual will exceed $12,475.00 and payments to the six listed insiders will not occur unless and until the payments are otherwise authorized, i.e. by serving a Notice of Insider Compensation with no objection being subsequently made within the deadline or the objection being resolved in favor of the insiders. Specifically, the requested wages in the Motion are as follows: (1) $48,708.57 in partial payroll for the period of June 26, 2017 to July 5, 2017 for Debtor's staff; (2) $51,344.00 in partial payroll for the period of June 26, 2017 to July 5, 2017 for Debtor's employee drivers; and (3) approximately $59,573.97**[Note 1]** in partial payroll for the period of July 1, 2017 to July 5, 2017, to the Contractors. Debtor submits that the proposed amounts will not different by more than ten (10) percent of the actual payroll issued. Further, Debtor represents to having $1,535,301.26 in cash and will not be administratively insolvent after paying the requested claims.

**Findings of Fact and Conclusions of Law**

Section 507(a)(4) designates "wages, salaries, or commissions, including vacation, severance, and sick leave pay" that are earned by an individual "within 180 days before the date of the filing of the petition" as a fourth-priority claim. Since Debtor filed its voluntary chapter 11 petition on July 6, 2017, only wages that were earned by the end of the day on July 6, 2017, are entitled to priority. Additionally, § 507(a)(4) imposes a limit of $12,850.00 for each individual employee for priority status.

"Because wages are priority claims, courts have often permitted debtors to pay prepetition wage claims in the ordinary course in response to a motion filed by a debtor in possession at the commencement of a chapter 11 case. The ability to ensure that the employees receive their unpaid prepetition salary and do not miss a paycheck is critical to obtaining the stability necessary for the transition to operating as a debtor in possession. If wage claims were not entitled to priority, it would be difficult to justify 'first day' orders approving payments of prepetition wages. There is no clear statutory authority for such first day orders, although a court with some confidence in the debtor's ability to satisfy claims through the third priority could justify the order under section 105." Collier on Bankruptcy, § 507.05[2] (rev'd 15th ed.).

Local Bankruptcy Rule 2081-1(a) provides that a motion to pay prepetition payroll must be supported by evidence that establishes the following: "(A) The employees are still employed; (B) The necessity for payment; (C) The benefit of the

## United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Thursday, July 13, 2017**                                                                 **Hearing Room    1568**

**10:00 AM**
**CONT...**        **Pac Anchor Transportation Consisting of the Merger**                                    **Chapter 11**

procedures; (D) The prospect of reorganization; (E) Whether the employees are insiders; (F) Whether the employees' claims are within the limits established by 11 U.S.C. § 507; and that (G) The payment will not render the estate administratively insolvent."

Alfredo Barajas, owner and President of Debtor, states that all staff employees and driver employees to whom the Debtor seeks to pay prepetition wages and benefits are still employed. Decl. of Alfredo Barajas ¶12. Mr. Barajas states that the payments are necessary for the continuing operations of Debtor, otherwise staff employees and employee drivers "will be lost to Debtor in its reorganization." *Id.* ¶11. Exhibits 1 and 2 indicate each respective employee's name and the amount of wages to be afforded, all of which are under the $12,850 limit of § 507(a)(4). Further, payment of prepetition wages and benefits will not render the estate administratively insolvent because Debtor represents to possessing $1,535,301.26 in cash, more than sufficient to cover the expected payments. The Court finds that the proposed wages contained in Exhibits 1 and 2 for staff and employee drivers are necessary and beneficial for the continuance of Debtor's business.

As to the insider claims, Debtor must first file a Notice in accordance with LBR 2014-1(a) and give interested parties an opportunity to object. If no objection is received within 14 days after service of the Notice, the Debtor may file a declaration to that effect and make payment for prepetition wages up to the limited imposed under § 507(a)(4).

As to the Contractors' claims contained in Exhibit 3, Debtor fails to cite any legal authority to remit payment for prepetition wages of non-employees via § 507(a)(4). 11 U.S.C. § 507(a)(4)(B) (permits payments for independent contractors compensated by "sales commissions," which do not apply to Debtor's case). While some courts use their equitable powers to grant "critical" vendors payment under the necessity of payment doctrine, other courts have been unwilling to do so. *Compare In re Jeans.com, Inc.*, 502 B.R. 250, 254 (Bankr. D.P.R. 2013) (discussing the history and collection of cases dealing with the doctrine), *with Matter of B & W Enterprises, Inc.*, 713 F.2d 534, 537 (9th Cir. 1983) (deeming it "unwise to tamper with the statutory priority scheme" . . . "[a]bsent compelling reasons."). According to the Ninth Circuit, the "Code does not expressly authorize courts to allow preferential payment of prepetition obligations in contravention of its claims priority scheme or outside of a confirmed plan of reorganization." *In re Berry Good, LLC*, 400 B.R. 741, 746 (Bankr. D. Ariz. 2008) (citing *Matter of B & W Enterprises, Inc.*, 713 F.2d at 537).

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Thursday, July 13, 2017**                                                            **Hearing Room   1568**

10:00 AM
**CONT...**      **Pac Anchor Transportation Consisting of the Merger**                  **Chapter 11**

      Other courts recognize § 363(b) as a source of authority to make critical vendor payments. *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) (recognizing that a debtor-in-possession may, after a noticed hearing, use property of the estate to pay a prepetition debt in order to keep "critical" supplies flowing "in the ordinary course of business"). To justify paying critical vendors' prepetition claims under § 363(b)(1), the debtor-in-possession must establish that: (1) those critical vendors are indeed critical and have refused to do business with a debtor absent payment; and (2) only if the court finds that the disfavored creditors will be at least as well off as a result of the court's granting critical vendor status to the select vendors. *Id.*; *In re Kmart Corp.*, 359 F.3d 866, 873 (7th Cir. 2004). Here, the Court is persuaded that the Contractors are critical vendors. Mr. Barajas states that the Contractors are necessary to continue the operations of Debtor's business and will stop work if they do not receive payment. Decl. of Alfredo Barajas ¶11. In this regard, the creditors of Debtor's bankruptcy estate are better off if the Contractors are paid because Debtor will continue to operate and generate income.

      Therefore, based on the foregoing the Court HEREBY GRANTS the Motion. Debtor is authorized to remit payment for the prepetition wages stated in Exhibits 1, 2, and 3, except for payments to the six (6) insiders listed in Exhibit 1 of the Motion.

**Note 1:** Regarding the Contractors, Debtor states that approximately 71% of the estimated pay period for July 1, 2017, to July 7, 2017, accounts for the pre-petition payroll requested. *See* Doc. No. 13, Ex. 3. Debtor was unable to determine the exact amounts of compensation because the amount of loads and trips that each Contractor makes in a given pay period determines the amount of compensation. Therefore, the Court arrives at this amount by multiplying the total amount of $83,907.00 by 0.71 to obtain the predicted amount that Contractors will receive.

| Party Information |
|---|

**Debtor(s):**

  Pac Anchor Transportation Inc            Represented By
                                                           Vanessa M Haberbush
                                                           Lane K Bogard