## United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Thursday, July 13, 2017**                                                                                                                  **Hearing Room**     **1568**

**10:00 AM**
**2:17-18213**    **Pac Anchor Transportation Consisting of the Merger**                 **Chapter 11**

    **#9.00**    HearingRE: [11] Emergency motion of Debtor and Debtor-in-Possession for Order Approving Stipulation for Interim use of Cash Collateral with Secured Creditor California United Bank; With Proof of Service  (Bogard, Lane)

                      Docket      11

**Matter Notes:**

    7/13/2017

    <span style="color:red">The amended tentative ruling will be the order.
Party to lodge order: Movant</span>

    <span style="color:red">**POST PDF OF Amended TENTATIVE RULING TO CIAO**</span>

**Tentative Ruling:**

    7/12/2017

    <span style="color:red">Amended after hearing: No opposition presented at the hearing.  For the reasons set forth below, GRANT Motion.</span>

    **Pleadings Filed and Reviewed:**
    1) Emergency Motion of Debtor and Debtor-in-Possession for Order Approving Stipulation for Interim use of Cash Collateral with Secured Creditor California United Bank [Doc. No. 11]
        a) Order Setting Hearing on First Day Motions [Doc. No. 4]
        b) Notice of Emergency Motion of Debtor and Debtor-in-Possession for Order Approving Stipulation for Interim Use of Cash Collateral with Secured Creditor California United Bank [Doc. No. 12]
        c) Statement Regarding Cash Collateral or Debtor in Possession Financing [Doc. No. 16]

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, July 13, 2017**                                                                          **Hearing Room**    **1568**

10:00 AM
**CONT...**         **Pac Anchor Transportation Consisting of the Merger**                                     **Chapter 11**
        d)  Declarations of Alexander Bostic, Jacqueline Borin, Vanessa Haberbush and Lane Bogard [re: telephonic notice] [Doc. No. 20]
2) Opposition is due at the hearing

## I. Facts and Summary of Pleadings

Background information on Pac Anchor Transportation, Inc. (the "Debtor") is set forth in the Court's tentative ruling issued in connection with the motion seeking authorization to pay prepetition wages, and is not repeated here.

Debtor seeks authorization to use cash collateral in accordance with a stipulation (the "Stipulation") executed between the Debtor and California United Bank (the "Lender"). The Debtor has six secured creditors. According to the Debtor, Lender is the only secured creditor who holds cash collateral; Debtor states that the liens of the other five secured creditors are limited to the Debtor's trucks and equipment, and do not extend to the proceeds and profits of its trucks and equipment. The material terms of the Stipulation are as follows:

1) Debtor will make monthly adequate protection payments to Lender in the amount of $18,555.74, commencing on August 1, 2017. Proposed Order Authorizing Debtor's Interim Use of Cash Collateral Pursuant to Stipulation (the "Proposed Cash Collateral Order") at ¶2.2.
2) Debtor waives any rights it may have to use cash collateral other than in accordance with the terms of the Stipulation. *Id.* at ¶4.1.
3) Debtor waives the right to seek to surcharge the Lender's collateral under §506 (c). *Id.* at ¶4.2.
4) Lender shall be granted a replacement lien in all prepetition and postpetition assets in which the Debtor holds an interest (the "Postpetition Lien"). *Id.* at ¶ 2.1.1. The Postpetition Lien shall be senior in priority to any and all prepetition and postpetition claims, rights, liens and interests, but subject only to any lien or security interest that is valid, perfected, and senior to the interest of Lender as of the Petition Date and not otherwise avoided or preserved under section 551. *Id.* at ¶2.1.2.

## II. Findings and Conclusions

Section 363(c)(2) requires court authorization for the use of cash collateral unless "each entity that has an interest in such cash collateral consents." In the Ninth Circuit, satisfaction of Section 363(c)(2)(A) requires the "affirmative express consent" of the secured creditor; "implied consent," resulting from the failure of the secured creditor

# United States Bankruptcy Court
# Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, July 13, 2017**  **Hearing Room  1568**

### 10:00 AM
**CONT...    Pac Anchor Transportation Consisting of the Merger          Chapter 11**

to object to use of cash collateral, does not satisfy the requirements of the statute. *Freightliner Market Development Corp. v. Silver Wheel Freightlines, Inc.*, 823 F.2d 362, 368-69 (9th Cir. 1987). Absent affirmative express consent, the Debtors "may not use" cash collateral absent the Court's determination that the use is "in accordance with the provisions" of Section 363—that is, that the secured creditor's interest in the cash collateral is adequately protected. Section 363(c)(2)(B); Section 363(e).

A secured creditor's interest is adequately protected if the value of its collateral is not declining; the secured creditor is not entitled to payment to compensate for its inability to foreclose upon the collateral during bankruptcy proceedings. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988).

The Court approves the Stipulation between the Debtor and the Lender, with certain modifications. The Court declines to make the finding that the Lender's liens "are perfected and senior in priority to all other liens, interests, claims and encumbrances affecting the Collateral Assets," as requested in ¶4 of the Proposed Cash Collateral Order. There is insufficient information before the Court to make such a finding at this time. Further, such a finding would be prejudicial to unsecured creditors, who have had only a limited opportunity to respond to this motion, which is being heard on shortened notice. For the same reasons, the Court also declines to make the findings requested in ¶5 of the Proposed Cash Collateral Order with respect to the amount of the Debtor's indebtedness to the Lender.

A further interim hearing on the use of cash collateral will take place on August 9, 2017, at 10:00 a.m. The Debtor must file further evidence in support of the use of cash collateral by no later than July 26, 2017. Any response to the Debtor's further evidence must be filed by no later than August 2, 2017.

| **Party Information** |
|---|

**Debtor(s):**

  Pac Anchor Transportation Inc        Represented By
                                                     Vanessa M Haberbush
                                                     Lane K Bogard