1   XAVIER BECERRA
    Attorney General of California
2   SATOSHI YANAI
    Supervising Deputy Attorney General
3   MICHELE L. WONG
    Deputy Attorney General
4   State Bar No. 167176
    TIMOTHY J. KOLESNIKOW
5   Deputy Attorney General
    State Bar No. 166120
6     300 South Spring Street, Suite 1702
    Los Angeles, CA  90013
7   Telephone: (213) 897-4482
    Fax: (213) 897-2801
8   E-mail: Timothy.Kolesnikow@doj.ca.gov
    Attorneys for the People of the State of California
9

10          IN THE UNITED STATES BANKRUPTCY COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

| 14 | **In re:** | CASE NO. 2:17-bk-18213-ER |
| 15 | **PAC ANCHOR** | Chapter 11 |
| 16 | **TRANSPORTATION, INC.,** **consisting of the merger of Pac** | Adv. Proc. No.  2:17-ap-01345 |
| 17 | **Anchor Transportation, Inc. and** **Green Anchor Lines, Inc.** | (Removed Case No.: BC 397600, |
| 18 | Debtor and Debtor-in-Possession | Superior Court of the State of California, County of Los Angeles, Central District) |
| 19 | | |
| 20 | | **NOTICE OF MOTION AND** **MOTION FOR REMAND;** |
| 21 | **THE PEOPLE OF THE STATE OF** **CALIFORNIA,** | **MEMORANDUM OF POINTS AND** **AUTHORITIES IN SUPPORT** **THEREFORE; DECLARATION** |
| 22 | Plaintiff, | **OF TIMOTHY J. KOLESNIKOW** **IN SUPPORT THEREOF** |
| 23 | | [28 U.S.C. 1452(b); Bankr. R. 9027(d); |
| 24 | | Local Bankr. R. 9027-1(c)] |
| 25 | v. | Date:      August 30, 2017 Time:     10:00 a.m. |
| 26 | **PAC ANCHOR** **TRANSPORTATION, INC. et al.,** | Place:    Ctrm. 1568, 255 E. Temple Street, Los Angeles, CA 90012 |
| 27 | Defendants. | Judge:       Hon. Ernest M. Robles |
| 28 | | |

1    **TO THE HONORABLE ERNEST M. ROBLES, UNITES STATES**

2    **BANKRUPTCY JUDGE, THE PARTIES TO THE REMOVED ACTION,**

3    **THE DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

4    **PLEASE TAKE NOTICE** that on August 30, 2017, at 10:00 a.m. in the

5    Courtroom of the Honorable Ernest M. Robles, United States Bankruptcy Court,

6    Central District of California, the California Attorney General, specially appearing,

7    will and hereby does move for an order remanding the action in *People of the State*

8    *of California v. Pac Anchor Transportation, Inc., et al.,* Case No. BC 397600, back

9    to the Superior Court of the State of California for the County of Los Angeles. The

10    Attorney General seeks remand on the grounds that: (1) 28 U.S.C. § 1452(a) bars

11    removal of this action, which is a "civil action by a governmental unit to enforce

12    such governmental unit's police or regulatory power"; and (2) the State Court

13    Action should be remanded on equitable grounds under 28 U.S.C. § 1452(b).

14    This motion is based on the points and authorities contained herein; the

15    Declaration of Timothy J. Kolesnikow In Support of Motion to Remand

16    (Kolesnikow Dec.); the record in this case; the request for judicial notice filed

17    concurrently herewith; and such evidence as may be filed to supplement the motion,

18    or as may be introduced at the hearing.

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that any objection, joinder, or response to the Motion must be in writing; must be accompanied by supporting evidence; must comply with Local Bankruptcy Rule 9013-1; must be filed with the Court no later than 14 days before the hearing on the Motion; and must be served on counsel to the Debtor at the addresses set forth in the caption of this pleading. Also, Local Bankruptcy Rule 9013-1(h) provides that if you do not timely file and serve an objection or response to the Motion, the Court may find that you have consented to the relief requested herein.

Dated: July 27, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
SATOSHI YANAI
Supervising Deputy Attorney General

TIMOTHY J. KOLESNIKOW
Deputy Attorney General
*Attorneys for the People of the State of California*

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

INTRODUCTION ............................................................................................. 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ................................................................................................... 5

I.     The Attorney General is Exercising the State's Police Power and Seeks Civil Penalties, Restitution, and Injunctive Relief to Punish and Deter Misconduct in The Marketplace; Consequently, The Action Falls Within the Police Power Exception to Removal Under 28 U.S.C. § 1452. ............. 5

    A.   The State Court Action Satisfies Both The "Public Policy" And "Pecuniary Interest" Tests, Defeating Removal. ..................................... 5

    B.   The Attorney General's Prayer for Civil Penalties Is an Exercise of Police Power, Promotes Public Policy, And Will Benefit the Public Welfare by Punishing and Deterring Misconduct in The Market. ........ 6

    C.   The Attorney General's Prayer for Injunctive Relief Is a Police Action Aimed at Protecting the Public. ................................................ 7

    D.   The Attorney General's Prayer for Restitution Serves the Public Interest and Promotes Public Policy by Preventing Wrongdoers from Retaining Their Ill-Gotten Gains, Even Though Private Parties May Benefit Incidentally. ...................................................................... 8

II.    Equitable Considerations, Especially Considerations of Comity, Provide Powerful Justification for Remanding the Action. .................................... 9

    A.   The Attorney General's Action Raises State Law Issues Exclusively, and the Individual Defendant Is a Non-Debtor. ................................. 10

    B.   The Attorney General's Action Is Tangentially "Related to" This Case at Best; It Does Not Arise Under Title 11 Or in Any Case Under Title 11. ................................................................................................. 10

    C.   Comity and Respect for State-Court Decision-Making Carry Special Weight in Favor of Remand Where, As Here, An Action Brought by A State to Enforce Its Laws Is Snatched from Its Own Courts. ............... 13

    D.   Litigating This Case Will Consume Considerable Federal Judicial Resources, Whereas The Superior Court Is Already Familiar with The Parties and The Issues. ..................................................................... 14

CONCLUSION ................................................................................................. 15

i

# TABLE OF AUTHORITIES

Page

CASES

*Bally Total Fitness Corp. v. Contra Costa Rail Center, LLC*
    384 B.R. 566 (Bankr. N.D. Cal. 2008) .................................................................13

*Brock v. Rusco Industries, Inc.*
    842 F.2d 270 (11th Cir. 1988) ...........................................................................1

*California v. ARC America Corp.*
    490 U.S. 93 (1989)............................................................................................14

*Christensen v. Tucson Estates, Inc.*
    912 F.2d 1162 (9th Cir. 1990) ...........................................................................10

*Christie v. Chong*
    Order Granting Chong's Motion to Remand, No. C-02-0472............................14

*City and County of San Francisco v. PG&E Corp.*
    433 F.3d 1115 (9th Cir. 2006) ....................................................................2, 6, 9

*Fletcher v. Security Pacific Nat'l Bank*
    23 Cal. 3d 442 (1979) .........................................................................................8

*Franchise Tax Board of the State of California v. Construction
    Laborers Vacation Trust for Southern California*
    463 U.S. 1 (1983)..............................................................................................13

*Hale v. Morgan*
    22 Cal. 3d 388 (Cal. 1978)..................................................................................6

In re *ACI-HDT Supply Co.*
    205 B.R. 231 (9th Cir. B.A.P. 1997) ................................................................12

In re *Adams Deliv. Serv. v. NLRB*
    24 B.R. 589 (9th Cir. B.A.P. 1982) ....................................................................5

In re *Berg*
    230 F.3d 1165 (9th Cir. 2000) ............................................................................6

In re *Charter First Mortgage*
    42 B.R. 380 .........................................................................................................8

1

### TABLE OF AUTHORITIES
### (continued)

2

Page

3
*In Re Dan Hixson Chevrolet Co.*
4     12 B.R. 917 (Bankr.N.D.Tex. 1981)..............................................................7, 8

5
*In re Eastport Assocs.*
6     935 F.2d 1071 (9th Cir. 1991) ........................................................................11

7
*In re First Alliance Mortgage Company (FAMCO)*
      263 B.R. 99 (9th Cir. B.A.P. 2001) ..............................................................7, 9
8

9
*In re Hughes*
      87 B.R. 49 (Bankr.S.D.Ohio 1988)...................................................................7
10

*In re Nelson*
11     240 B.R. 802 (Bankr.D.Maine 1999).................................................................9

12
*In re Ngan Gung Restaurant, Inc. v. People of the State of New York*
13     183 B.R. 689 (Bankr.S.D.N.Y. 1995)................................................................1

14
*In re Poule*
15     91 B.R. 83 (9th Cir. B.A.P. 1988) ....................................................................7

16
*In re Roman Catholic Bishop of San Diego (Roman Catholic Bishop)*
17     374 B.R. 756 (Bankr. S.D. Cal. 2007)..........................................................12, 14

18
*In Re Tauscher*
      7 B.R. 918 (Bankr.E.D.Wis. 1981)....................................................................7
19

20
*In re Universal Life Church v. United States*
      128 F.3d 1294 (9th Cir. 1997) .......................................................................5, 6
21

22
*Lockyer v Mirant Corp.*
      398 F.3d 1098 (9th Cir. 2005) .......................................................................5, 7

23
*McCarthy v. Martha-Helen Prince*
24     230 B.R. 414 (B.A.P. 9th Cir. 1999) ..............................................................9, 10

25
*Metropolitan Life Ins. Co. v. Massachusetts*
26     471 U.S. 724 (1985).........................................................................................1

27
*NLRB v. Continental Hagen Corp.*
28     932 F.2d 828 (9th Cir. 1991) ...........................................................................9

# TABLE OF AUTHORITIES
## (continued)

Page

*O'Brien v. Fischel*
    74 B.R. 546 (D. Haw. 1987) ..................................................................7

*People of the State of California v. H&R Block, Inc.*
    Order Remanding Action to State Court, No. C-06-2058 ...................................13

*People v. Pacific Land Research Co.*
    20 Cal. 3d 10 (Cal. 1977)..............................................................7, 8

*People v. Sup. Ct. (Jayhill)*
    9 Cal. 3d 283 (1973) .....................................................................8

*Solis v. SCA Restaurant Corp*
    463 B.R. 248 (E.D.N.Y. 2011) ...........................................................2

*State Farm Fire & Casualty Co. v. Sup. Ct.*
    45 Cal. App. 4th 1093 (Cal. Ct. App. 1996)..............................................3

*Western Helicopters, Inc. v. Hiller Aviation, Inc.*
    97 B.R. 1 (Bankr. E.D. Cal. 1988).....................................................10

*Williams v. Shell Oil Co.*
    169 B.R. 684 (S.D. Cal. 1994).......................................................10, 11

STATUTES

United States Code, Title 11
    § 101 ....................................................................................5
    § 362(b)(4) .........................................................................2, 12

# TABLE OF AUTHORITIES
### (continued)

**Page**

United States Code, Title 28
§ 157.................................................................................................................11
§ 157(b)(2)(B)..................................................................................................11
§ 157(b)(2)(K)..................................................................................................11
§ 157(b)(2)(O)..................................................................................................11
§ 1334................................................................................................................9
§ 1334(b)....................................................................................................10, 12
§ 1334(c)(2)...............................................................................................12, 13
§ 1441................................................................................................................5
§ 1452...........................................................................................................4, 5
§ 1452(a)........................................................................................................2, 3
§ 1452(b).....................................................................................................passim

Business and Professions Code
§ 17200.........................................................................................................1, 3
§ 17203.........................................................................................................4, 7
§ 17206.........................................................................................................4, 7

California Government Code
§ 100.................................................................................................................5

CONSTITUTIONAL PROVISIONS

California Constitution
Article V, § 13.................................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On September 5, 2008, the California Attorney General filed this civil law enforcement action in the Superior Court of California in the name of the People of the State of California to uphold state employment standards and to punish and deter defendants Alfredo Barajas (Barajas), and his trucking company, Pac Anchor Transportation, Inc. (Pac Anchor). The basic allegations of the Complaint are that Pac Anchor misclassifies its driver employees as independent contractors, and thus commits "unfair competition" within the meaning of California Business and Professions Code section 17200, et seq. by failing to guarantee or pay the minimum wage, reimburse expenses, secure workers' compensation insurance, or report and remit payroll taxes. The Attorney General seeks an injunction, civil penalties, and restitution of unpaid wages.

This case is precisely the kind of litigation encompassed by the police and regulatory exception to removal. As discussed further below, the Attorney General's claims for an injunction, civil penalties, and restitution meet both the "public policy" and "pecuniary interest" tests for determining the propriety of exercising removal jurisdiction over a law enforcement action by state officials. State laws "to regulate the employment relationship to protect workers within the State" are encompassed within the states' "broad authority under their police powers." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 756 (1985). It is well-established that law enforcement cases brought to enforce minimum labor standards are brought pursuant to the government's police power. *See In re Ngan Gung Restaurant, Inc. v. People of the State of New York*, 183 B.R. 689, 693-695 (Bankr.S.D.N.Y. 1995) (State Attorney General labor enforcement action for injunction and to recover unpaid tips and overtime was police action not subject to automatic stay); *see also Brock v. Rusco Industries, Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (Department of Labor action under Fair Labor Standards Act to "protect

1

1  legitimate businesses from unfair competition and to enforce the federal law

2  regarding minimum wage" was police action exempted from the automatic stay);

3  *Solis v. SCA Restaurant Corp*, 463 B.R. 248 (E.D.N.Y. 2011) (U.S. Department of

4  Labor suit under the Fair Labor Standards Act seeking an injunction, unpaid wages

5  and liquidated damages is not subject to the automatic stay under the police power

6  exemption).[1]

7       Moreover, equitable considerations overwhelmingly support remanding the

8  action. 28 U.S.C. § 1452(b). All of the Attorney General's claims arise under state

9  law, Pac Anchor's co-defendant in the removed action, Alfredo Barajas, is a non-

10  debtor. None of the Attorney General's claims arises under Title 11, or in a Title 11

11  case. Nor does the attorney general's action constitute a "core" proceeding in

12  bankruptcy. There is no practical or legal impediment to the state court's rendering

13  judgment against the defendants, while leaving the enforcement of any money

14  judgment to the bankruptcy court. 11 U.S.C. § 362(b)(4).

15       The state has a compelling and long-standing interest in regulating the

16  workplace and protecting workers, competitors, and the market itself, from unfair

17  competition. The state court also has greater expertise and experience dealing with

18  the types of claims alleged, and has already devoted considerable resources to the

19  case, whereas litigating the action here would put a significant strain on both the

20

21

22  [1] The Ninth Circuit has instructed that the removal statute's police power
exception in 28 U.S.C. § 1452(a) is parallel to, and should be construed the same

23  as, the police power exception to the automatic stay under 11 U.S.C. § 362(b)(4).
The wording of the two exceptions is "virtually identical," "the purpose behind

24  each exception is the same," and they were "designed specifically to work in
tandem." *City and County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1123

25  (9th Cir. 2006) (citing *Koken v. Reliance Group Holdings, Inc.*, 273 B.R. 374, 385
(Bankr.E.D.Pa. 2002)). Thus, authorities construing the police and regulatory

26  exception from the automatic stay are persuasive with respect to the analysis of the
police power exception to removal. Moreover, in the instant case, not only are the

27  People entitled to remand, but also the People's enforcement action is not subject to
the automatic stay pursuant to § 362(b)(4).

28

2

1 | bankruptcy court and the district court, which would have to review the bankruptcy

2 | court's proposed findings of fact and conclusions of law.

3 |     Considerations of comity dictate that federal courts should be reluctant to

4 | assert jurisdiction over cases brought by a state in its own courts unless some "clear

5 | rule" demands it. No such clear rule requires removal here. Indeed, § 1452(a)

6 | requires remand, and there are many compelling equitable grounds under § 1452(b)

7 | for ordering a remand.

8 | **STATEMENT OF FACTS**

9 |     The Attorney General filed the instant adversary proceeding, entitled *People v.*

10 | *Pac Anchor Transportation, Inc., et al.*, on September 5, 2008, in the Superior

11 | Court of California for the County of Los Angeles. The Complaint (Notice of

12 | Removal of State Court Action and Filing of Underlying Pleadings Bankruptcy

13 | Case Doc. No. ["BK Doc. No."] BK Doc. No. 6, Exhibit 1) alleged a single cause

14 | of action against defendants Pac Anchor and Barajas for violation of the California

15 | unfair competition law (UCL), California Business and Professions Code section

16 | 17200 et seq. The factual allegations underlying the Complaint are that Pac Anchor

17 | and Barajas unlawfully misclassify their employee truck drivers as independent

18 | contractors, and thereby avoid their legal obligations as employers to guarantee

19 | their drivers a minimum wage, remit and report payroll taxes, and provide workers'

20 | compensation insurance.

21 |     The UCL "borrows" violations of other laws and makes them independently

22 | actionable as unfair competition under Business and Professions Code section

23 | 17200. *State Farm Fire & Casualty Co. v. Sup. Ct.*, 45 Cal. App. 4th 1093, 1103

24 | (Cal. Ct. App. 1996). The Complaint alleges violations of a number of wage and

25 | hour, tax, and compensation insurance provisions as predicates supporting the UCL

26 | cause of action, including: (a) the duty to pay the minimum wage; (b) the duty to

27 | maintain employment records; (c) the duty to provide employees with itemized

28 | wage statements; (d) the duty to reimburse the drivers their business expenses; (e)

1   the duty to provide compensation insurance against workplace injuries; (f) the duty

2   to report and remit state disability and employment training taxes; and (g) the duty

3   to withhold and remit state income taxes. *See* Complaint at 5-6 (BK Doc. No. 6

4   Exhibit 1 [Exh. 6-1:6-7]). As a remedy, the Complaint seeks injunctive relief, civil

5   penalties, and restitution of unpaid wages and money acquired by means of

6   defendants' unfair competition. Complaint at 6-7 (Prayer for Relief, ¶¶ 1-3); see

7   Cal. Bus. & Prof. Code §§ 17203, 17206.

8       The Attorney General filed a supplemental complaint (Notice of Removal of

9   State Court Action and Filing of Underlying Pleadings Bankruptcy Case, BK Doc.

10   No. 6, Exhibit 1 [Exh. 6-1:46-55]) in the adversary proceeding on February 18,

11   2016, adding Pac Anchor's sister company, Green Anchor Lines, Inc. (Green

12   Anchor), as a defendant, since Green Anchor supplied Pac Anchor's drivers from

13   2009 through at least December 2016. The Supplemental Complaint makes the

14   same allegations and seeks the same relief as the original complaint. *See*

15   Supplemental Complaint at 7-9. Green Anchor recently completed a merger into

16   Pac Anchor, before filing for Bankruptcy on July 6, 2017.

17       On July 6, 2017, Pac Anchor filed a petition for relief under Chapter 11 of the

18   United States Bankruptcy Code, commencing the instant bankruptcy case. On July

19   7, 2017, pursuant to 28 U.S.C. § 1452, debtor Pac Anchor removed the Attorney

20   General's civil law enforcement proceeding to this Court from the Superior Court.

21   Prior to removal of the State Court Action, the parties were in the final stages of

22   preparation for trial set for September 11, 2017: final depositions were noticed, the

23   Attorney General was awaiting discovery responses, and two motions by the

24   Attorney General to compel essential discovery were set for hearing on July 14th

25   and 20th, 2017. The parties have served requests for exchange of expert witness

26   information, which exchange is now in doubt. The Attorney General has not

27   completed discovery or yet obtained rulings on discovery motions for evidence

28   necessary for trial such as witness names, addresses and telephone numbers, global

1  positioning system data which would indicate where and when drivers worked, and

2  payroll information. *See* Request for Judicial Notice, and Declaration of Timothy J.

3  Kolesnikow at ¶ 3.

## ARGUMENT

5  **I. THE ATTORNEY GENERAL IS EXERCISING THE STATE'S POLICE POWER AND SEEKS CIVIL PENALTIES, RESTITUTION, AND INJUNCTIVE RELIEF TO PUNISH AND DETER MISCONDUCT IN THE MARKETPLACE; CONSEQUENTLY, THE ACTION FALLS WITHIN THE POLICE POWER EXCEPTION TO REMOVAL UNDER 28 U.S.C. § 1452.**

8  The bankruptcy removal statute, 28 U.S.C. § 1452, is patterned on the district

9  court removal statute, 28 U.S.C. § 1441. *In re Adams Deliv. Serv. v. NLRB*, 24 B.R.

10  589 (9th Cir. B.A.P. 1982). Section 1441 provides for removal of cases within the

11  original jurisdiction of the federal courts, "except as otherwise expressly provided

12  by Act of Congress." Section 1452, in turn, provides in pertinent part that a "party

13  may remove any claim or cause of action in a civil action, *other than . . . a civil*

14  *action by a Government unit to enforce such governmental unit's police or*

15  *regulatory power*, to the bankruptcy court . . . ." (Italics added).

16  The Attorney General's enforcement action must be remanded because (1) a

17  governmental unit includes any state or any agency of a state, 11 U.S.C. § 101, and

18  that indisputably includes the Attorney General, *see* Cal. Const. art. V § 13 (the

19  Attorney General is California's chief law officer) and Cal. Gov't Code § 100

20  (when Attorney General sues in the name of the People of the State of California,

21  he acts in a sovereign capacity); and (2) the Attorney General is exercising the

22  State's police power to punish and deter misconduct in the marketplace.

23  **A. The State Court Action Satisfies Both the "Public Policy" and "Pecuniary Interest" Tests, Defeating Removal.**

25  A governmental unit's action against a debtor fits the police power exception

26  if it meets either the "pecuniary purpose" test *or* the "public policy" test. *In re*

27  *Universal Life Church v. United States*, 128 F.3d 1294, 1297 (9th Cir. 1997);

28  *Lockyer v Mirant Corp.*, 398 F.3d 1098, 1108 (9th Cir. 2005). The "pecuniary

1    purpose" test is "whether the government action relates *primarily* to the protection

2    of the government's interest in debtor's property or to matters of public safety and

3    welfare." *In re Universal Life Church*, 128 F.3d at 1297 (italics added). While

4    many governmental actions "have some pecuniary component," governmental

5    action fails the test only if it is being "pursued 'solely to advance a pecuniary

6    interest of the governmental unit' . . . ." *Id.* at 1299 (quoting *In re Thomassen*, 15

7    B.R. 907, 909 (9th Cir B.A.P. 1981)). The "public policy" test distinguishes

8    between government actions that effectuate public policy and those that adjudicate

9    private rights. *City & County of San Francisco v. PG & E Corp. (PG&E Corp)*, 433

10    F.3d 1115, 1125 (9th Cir. 2006). If the *primary purpose* of the action is to

11    effectuate public policy, the exception to the automatic stay applies. *Id.*

12    Conversely, a government action fails the public policy test when "it is brought

13    primarily to advantage discrete and identifiable individuals or entities rather than

14    some broader segment of the public." *Id.*

15        The fact that the government seeks monetary relief is not dispositive under

16    either of these tests. The courts recognize that "most government actions which fall

17    under [the police power exception] have some pecuniary component to them,

18    particularly those associated with fraud detection." *Id.* Even if private parties

19    might obtain a financial benefit, the police power exception often applies because

20    "the deterrent effect of monetary penalties can be essential for the government to

21    protect its regulatory interests." *In re Berg*, 230 F.3d 1165, 1168 (9th Cir. 2000).

22    The Attorney General's action as a whole and each of its component parts easily

23    satisfy both the "pecuniary purpose" and "public policy" tests.

24        **B.    The Attorney General's Prayer for Civil Penalties Is an Exercise
           of Police Power, Promotes Public Policy, and Will Benefit the
25         Public Welfare by Punishing and Deterring Misconduct in the
           Market.**
26

27        Under California law, the purpose of civil penalties is to secure "obedience to

28    statutes validly enacted under the police power." *Hale v. Morgan*, 22 Cal. 3d 388,

6

1    398, 402 (Cal. 1978). A claim for civil penalties by the Attorney General is

2    "fundamentally a law enforcement action designed to protect the public and not to

3    benefit private parties." *People v. Pacific Land Research Co.*, 20 Cal. 3d 10, 17

4    (Cal. 1977). Consistent with *Pacific Land Research* and other authorities, courts

5    routinely hold that government actions for civil penalties satisfy both the

6    "pecuniary interest" and "public policy" tests. *In re First Alliance Mortgage*

7    *Company (FAMCO)*, 263 B.R. 99, 108-111 (9th Cir. B.A.P. 2001) (consumer

8    protection action by the Massachusetts Attorney General); *accord In re Poule*, 91

9    B.R. 83 (9th Cir. B.A.P. 1988); *In re Hughes*, 87 B.R. 49, 50, 52 (Bankr.S.D.Ohio

10    1988); *In Re Dan Hixson Chevrolet Co.*, 12 B.R. 917, 922 (Bankr.N.D.Tex. 1981);

11    *In Re Tauscher*, 7 B.R. 918, 920 (Bankr.E.D.Wis. 1981); *O'Brien v. Fischel*, 74

12    B.R. 546, 551 (D. Haw. 1987). The outcome should be the same here. As detailed

13    in the Complaint, the Attorney General seeks civil penalties under California

14    Business and Professions Code section 17206. Complaint at 7; Supplemental

15    Complaint at 9. The Attorney General is exercising the State's police and

16    regulatory power to punish and deter misconduct in the marketplace and to uphold

17    minimum labor standards, thereby protecting all California workers and legitimate

18    businesses from unfair competition. Consequently, the Attorney General's action is

19    not subject to removal on account of the request for civil penalties.

20    **C.    The Attorney General's Prayer for Injunctive Relief Is a Police**
     **Action Aimed at Protecting the Public.**
21

22        The Attorney General seeks a permanent injunction pursuant to California

23    Business and Professions Code section 17203. Complaint at 6-7; Supplemental

24    Complaint at 8. Under California law, the Attorney General's injunctive claims are

25    aimed at protecting the public by preventing future violations, and are police and

26    regulatory in nature. *Pacific Land Research*, 20 Cal. 3d at 17. Accordingly, the

27    Attorney General's claim for injunctive relief satisfies the public policy and

28    pecuniary purpose tests. *See, e.g., Lockyer*, 398 F.3d at 1009 (California Attorney

1    General's action for injunctive relief clearly satisfies the "pecuniary purpose" and

2    "public policy" tests); *In re Dan Hixson Chevrolet*, 12 B.R. at 922 (holding that

3    "[a] proceeding instituted by the Commission to . . . enjoin a dealer for violation of

4    the false advertising prohibition would be a police or regulatory action clearly

5    outside the operation of the automatic stay"); *In re Charter First Mortgage*, 42 B.R.

6    380, 384 (state attorney general, "as a legitimate aid to its police power, may move

7    to obtain the issuance of an injunction"). The Attorney General's action is not

8    subject to removal on account of his request for injunctive relief.

9    **D.    The Attorney General's Prayer for Restitution Serves the Public
10   Interest and Promotes Public Policy by Preventing Wrongdoers
     from Retaining Their Ill-Gotten Gains, even though Private
11   Parties may Benefit Incidentally.**

12          In addition to civil penalties and injunctive relief, the Attorney General seeks

13   restitution of unpaid wages and any money acquired by means of unfair

14   competition. *See* Complaint at 7; Supplemental Complaint at 9. The California

15   Supreme Court has held that when the Attorney General seeks restitution under the

16   UCL, he acts in a governmental capacity and not on behalf of private parties, even

17   though private parties may benefit incidentally. *Pacific Land Research*, 20 Cal. 3d

18   at 18. Unlike in a private action, the point of restitution, when sought by law

19   enforcement, is "to deter future violations . . . and to foreclose retention by the

20   violator of its ill-gotten gains." *Fletcher v. Security Pacific Nat'l Bank*, 23 Cal. 3d

21   442, 449 (1979); *People v. Sup. Ct. (Jayhill)*, 9 Cal. 3d 283, 286 (1973) (holding

22   that restitution obtained by the Attorney General in a UCL case would benefit the

23   victims, but "such repayment is not the primary object of the suit, as it is in most

24   private class actions"). Thus, by seeking restitution, the Attorney General protects

25   *all* the People, not just those who lost money to the defendants. By enforcing the

26   UCL, he deters wrongdoers by ensuring they are prosecuted and punished, and part

27   of that requires that wrongdoers not be allowed to retain their ill-gotten gains.

28

1    Accordingly, the Ninth Circuit has held that actions by the California Attorney

2    General and other public agencies for restitution are police and regulatory in nature,

3    despite the fact that private individuals may benefit financially. *PG&E Corp.*, 433

4    F.3d at 1125 (holding that the California Attorney General's restitution claim

5    against the debtor will "benefit the public welfare by penalizing past unlawful

6    conduct and deterring future wrongdoing," even though private parties would

7    benefit); *NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 834 (9th Cir. 1991)

8    (governmental action for recovery of back wages owed to private parties); *see also*

9    *FAMCO*, 263 B.R. at 113 (Massachusetts Attorney General's restitution claim was

10   not "intended 'solely' to advance a pecuniary interest . . . [but] . . . as a deterrent to

11   future unlawful activity"); *In re Nelson*, 240 B.R. 802, 805-806 (Bankr.D.Maine

12   1999) (civil prosecution by the state of Maine for restitution was not brought for a

13   pecuniary purpose). The Attorney General's action is not subject to removal on

14   account of his claim for restitution.

15   **II.  EQUITABLE CONSIDERATIONS, ESPECIALLY CONSIDERATIONS OF
16   COMITY, PROVIDE POWERFUL JUSTIFICATION FOR REMANDING THE
     ACTION.**

17   Even assuming this Court has subject matter jurisdiction under 28 U.S.C. §

18   1334, this action can and should still be remanded on equitable grounds. 28 U.S.C.

19   § 1452(b).

20

21           The statutory standard for remand under 28 U.S.C. § 1452(b) is "any
             equitable ground." [¶] This "any equitable ground" remand standard
22           is an unusually broad grant of authority. It subsumes and reaches
             beyond all of the reasons for remand under nonbankruptcy removal
23           statutes. *See Chambers v. Marathon Home Loans (In re Marathon
             Home Loans)*, 96 B.R. 296, 299-300 (E.D. Cal. 1989). [¶] At bottom,
24           the question is committed to the sound discretion of the bankruptcy
             judge.
25

26   *McCarthy v. Martha-Helen Prince*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

27

28

9

1   Factors considered by the courts include: judicial economy; comity; respect
2   for state-court decision-making; the effect of remand on the administration of the
3   estate(s); the predominance of state law issues and non-debtor parties; and the
4   prejudice to other parties to the action. *Western Helicopters, Inc. v. Hiller Aviation,*
5   *Inc.,* 97 B.R. 1, 6 (Bankr. E.D. Cal. 1988); *see also, e.g., Williams v. Shell Oil Co.,*
6   169 B.R. 684, 692-93 (S.D. Cal. 1994) (relatedness or remoteness of the action to
7   the bankruptcy case); *Christensen v. Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th
8   Cir. 1990) (involvement of non-debtor defendants in the state court proceedings).
9   These and other factors weigh heavily in favor of remand.

10   **A.   The Attorney General's Action Raises State Law Issues**
       **Exclusively, and the Individual Defendant Is a Non-Debtor.**
11

12   The one cause of action alleged by the Attorney General is "grounded in state
13   law." Violation of the UCL is a good example of a "purely statutory theor[y] ...
14   that do[es] not commonly arise in bankruptcy." *McCarthy,* 230 B.R. at 418. As the
15   Ninth Circuit Bankruptcy Appellate Panel held in *McCarthy,* this is an equitable
16   ground supporting remand. *Id.* The fact that the other defendant in the Attorney
17   General's action, Alfredo Barajas, is a non-debtor makes jurisdiction in the
18   bankruptcy court even "more attenuated." *Id.*

19   **B.   The Attorney General's Action Is Tangentially "Related To"**
       **this Case At Best; It Does Not Arise Under Title 11 or In Any**
20       **Case Under Title 11.**

21   The Attorney General's action does not "arise under" Title 11, nor does it
22   "arise in" any bankruptcy case. 28 U.S.C. § 1334(b). The state court action is a
23   civil law enforcement proceeding by the state's chief law officer that is grounded in
24   state law, and that was commenced almost nine years before the Debtor filed for
25   bankruptcy. The Attorney General seeks a state court judgment that the defendants
26   engaged in unfair competition by violating California's wage and hour, payroll tax,
27   and workers' compensation laws; such matters do not arise under bankruptcy law or
28   in any pending bankruptcy case. Because the Attorney General's action is only

1  tangentially related to this case, equity favors a remand. *Williams,* 169 B.R. at 692-

2  93.

3  Contrary to Pac Anchor's stated grounds for removal, Notice of Removal of

4  State Court Action and Filing of Underlying Pleadings Bankruptcy Case, BK Doc.

5  No. 6, Exhibit 1, at 6:6-7, 7:8-10, 7:18-8:2, the Attorney General's action is not a

6  "core" proceeding in bankruptcy under 28 U.S.C. § 157. Core proceedings are

7  those that "involve a cause of action created or determined by a statutory provision

8  of title 11" or "are not based on any right expressly created by title 11, but

9  nevertheless, would have no existence outside of the bankruptcy." *In re Eastport*

10  *Assocs.,* 935 F.2d 1071, 1076 (9th Cir. 1991) (quoting *In re Wood,* 825 F.2d 90, 96-

11  97 (5th Cir. 1987)). In other words, "[i]f the proceeding does not invoke a

12  substantive right created by the federal bankruptcy law and is one that could exist

13  outside of bankruptcy *it is not a core proceeding . . . .*" *Id.* (italics added).

14  In this case, the Attorney General's action arises entirely under state law and

15  predates the bankruptcy petition. It does not rely on any right created or determined

16  pursuant to federal bankruptcy law, and was litigated for almost nine years in the

17  state courts prior to the commencement of this bankruptcy. The only reason this

18  case would be in federal or bankruptcy court is because one of the parties filed for

19  bankruptcy. Because this is not a "core" proceeding, equity favors remanding the

20  action. *See In re Eastport Assocs.,* 935 F.2d at 1076 (whether an adversary

21  proceeding is a "core" proceeding relevant to question of abstention by bankruptcy

22  court).[2]

---

23  [2] The Attorney General has not filed a proof of claim or even made a general

24  appearance in this case. Thus, contrary to Pac Anchor's assertion in the Notice of
Removal (BK Doc. No.6), the state court enforcement action does not concern the
"allowance or disallowance of claims against the estate" under 28 U.S.C. §

25  157(b)(2)(B). The Attorney General's action also has nothing to do with the
"validity, extent, or priority of liens" under 28 U.S.C. § 157(b)(2)(K), or the

26  "liquidation of the assets of the estate or the adjustment of the debtor-creditor
relationship" under 28 U.S.C. § 157(b)(2)(O). The Attorney General has not placed

27  any liens on any of the Debtor's property, nor is he attempting to liquidate any of
the Debtor's assets. He seeks to obtain a state court judgment for violations of the

28  (continued...)

1    At the most, this case implicates the Court's "related to" jurisdiction under 28

2    U.S.C. § 1334(b), which encompasses civil proceedings whose outcome "could

3    alter the debtor's rights, liabilities, options, or freedom of action (either positively

4    or negatively) and which in any way impacts upon the handling and administration

5    of the bankruptcy estate." In re *ACI-HDT Supply Co.*, 205 B.R. 231, 237 (9th Cir.

6    B.A.P. 1997). That alone, however, does not justify removing this action by

7    California's chief law officer to enforce the state's UCL laws to federal bankruptcy

8    court. *See In re Roman Catholic Bishop of San Diego (Roman Catholic Bishop)*,

9    374 B.R. 756, 763 (Bankr. S.D. Cal. 2007) (remanding "non-core state law claims"

10   that were merely "related to" the bankruptcy).

11   Under 28 U.S.C. § 1334(c)(2), bankruptcy courts "shall abstain" from hearing

12   proceedings where the claims or causes of action are: (1) "commenced" in state

13   court; (2) based on state law; (3) do not arise under bankruptcy law or arise in a

14   bankruptcy case, but are merely "related to" a case under Title 11; (4) could not

15   have been filed in a federal court absent bankruptcy jurisdiction; and (5) are capable

16   of being timely adjudicated in state court. However, in the Ninth Circuit,

17   mandatory abstention is not applicable in removed actions; remand under § 1452(b)

18   is the proper remedy because, whereas "abstention" implies the existence of parallel

19   state court proceedings, all state court proceedings are effectively terminated upon

20   removal of the action. *Roman Catholic Bishop*, 374 B.R. at 760. Nonetheless,

21   where, but for the removal, all of the elements necessary to trigger mandatory

22   abstention are present, sound discretion strongly

23

24   (...continued)
state's consumer protection laws, and the automatic stay precludes him from
25   enforcing a "money judgment." 11 U.S.C. § 362(b)(4). Where, as here, state law
claims can be severed, so as to "allow judgments to be entered in state court with
26   enforcement left to the bankruptcy court," equity favors remanding the action.
*Picerne Const. Corp. v. Castellino Villas, a K.F. LLC*, Memorandum and Order,
27   No. 09-cv-03116-MCE-JFM, 2010 WL 580992 at *3 (E.D. Cal. Feb. 12, 2010)
(citing *Roman Catholic Bishop*, 374 B.R. at 761-762).

28

1    militates in favor of remanding the action, and may even require it *per se*.  *See*

2    *Bally Total Fitness Corp. v. Contra Costa Rail Center, LLC*, 384 B.R. 566, 570

3    (Bankr. N.D. Cal. 2008) ("[A]rguably, failure to remand where all of the elements

4    of mandatory abstention are present would be an abuse of the Court's discretion.").

5    Here, but for the removal, all of the requirements for mandatory abstention are met:

6    the Attorney General has made a "timely motion," and the Attorney General's

7    action: arises under state law; does not arise under Title 11 or in a Title 11 case, but,

8    at best, is "related to" a bankruptcy case; "could not have been commenced" in a

9    federal court initially; and "can be timely adjudicated, in a State forum of

10   appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

11   **C.    Comity and Respect for State-Court Decision-Making Carry
         Special Weight In Favor of Remand Where, as Here, an Action
12       Brought by a State to Enforce Its Laws Is Snatched From Its
         Own Courts.**

13

14   Considerations of comity and respect for state-court decision-making carry

15   special weight here.  Although decisions to exercise removal jurisdiction frequently

16   require a careful balancing of state and federal interests, the Supreme Court has

17   held that, out of comity, federal courts should be particularly "reluctant to snatch

18   cases which a State has brought from the courts of that State, unless some clear rule

19   demands it." *Franchise Tax Board of the State of California v. Construction*

20   *Laborers Vacation Trust for Southern California*, 463 U.S. 1, 21 n. 22 (1983). The

21   "disruptive portent" in exercising removal jurisdiction is "particularly stark" here,

22   in a case that was "brought by the state of California in a California state court to

23   enforce California laws for conduct which occurred in California and which

24   allegedly victimized California citizens . . . ." *People of the State of California v.*

25   *H&R Block, Inc.*, Order Remanding Action to State Court, No. C-06-2058 SC, 2006

26   WL 2669045 at *4 (N.D. Cal. Sept. 18, 2006).

27   Comity also requires recognition that California and other states have a "long

28   history" of common law and statutory remedies against unfair business practices,

13

1  *California v. ARC America Corp.*, 490 U.S. 93, 101 (1989), and that California

2  courts have more experience and expertise adjudicating the types of claims alleged

3  by the Attorney General than the bankruptcy court. *Christie v. Chong*, Order

4  Granting Chong's Motion to Remand, No. C-02-0472 EDL, 2002 WL 598428 at *5

5  (N.D. Cal. April 10, 2002) (remanding on equitable grounds that the "California

6  court certainly has a greater degree of expertise in the area" than the bankruptcy

7  court, and that "[n]otions of comit" support remand given the California courts'

8  "usual jurisdiction" over the matter).

9        California also has an important interest in the particular subject matter of this

10 case: protecting California workers and legitimate employers from the distortions to

11 the market created by violators engaged in misclassification.  In *Roman Catholic*

12 *Bishop*, which resulted in an equitable remand, the court held that the "subject

13 matter of the pending actions (protection of children from sexual predators) is a

14 matter of compelling state interest . . . As such, comity strongly favors the state

15 court forum over the federal court." 374 B.R. at 764. The same reasoning applies

16 here. California has a compelling interest at stake, and its chief law officer should

17 be able to pursue those interests in the California courts without disruption.

18   **D.    Litigating This Case Will Consume Considerable Federal**
        **Judicial Resources, Whereas the Superior Court Is Already**
19      **Familiar With The Parties and the Issues.**

20       Judicial economy is an equitable factor under 28 U.S.C. § 1452(b) and it

21 supports remand here as well.  Federal court resources will be strained by forcing

22 the Attorney General to litigate this enforcement action in the federal forum instead

23 of in state court. Because it is not a core proceeding, the bankruptcy judge will be

24 required to submit proposed findings of fact and conclusions of law to a district

25 court for de novo review.  In other words, the case ultimately would have to be

26 determined outside of the bankruptcy court, and thus judicial economy favors

27 remand.

28

14

1    Moreover, the Attorney General's action involves hundreds of alleged victims

2  covering a period of almost ten years.  Litigating the action has entailed voluminous

3  discovery, and numerous discovery motions, two of which are still pending as they

4  were noticed, but not yet heard at the time of removal, and another which will be

5  filed shortly.  Rather than embroil both the bankruptcy court and the district court

6  in these proceedings, it makes sense to allow the Superior Court, which has been

7  presiding over the state court action for eight years already, and is already familiar

8  with the parties and the issues, to preside over the matter and render judgment,

9  while leaving the enforcement of any money judgment to the bankruptcy court.

10                              **CONCLUSION**

11    The Attorney General's action is a police or regulatory action to enforce state

12  law.  Its purpose is to benefit the public at large, rather than any particular

13  individuals or the pecuniary interests of the State.  Numerous equitable

14  considerations also provide powerful justification for remanding the action back to

15  state court.  Accordingly, the Attorney Generally respectfully requests that this

16  Court remand the removed action to the Superior Court.

17

18  Dated:  July 27, 2017                     Respectfully Submitted,

19                                            XAVIER BECERRA
                                              Attorney General of California
20                                            SATOSHI YANAI
                                              Supervising Deputy Attorney General

21

22

23

24                                            TIMOTHY J. KOLESNIKOW
                                              Deputy Attorney General
25                                            *Attorneys for People of the State of*
                                              *California*

26

27

28

## DECLARATION OF TIMOTHY J. KOLESNIKOW

I, TIMOTHY J. KOLESNIKOW, declare:

1.    I am an attorney at law duly licensed to practice before all the courts of the State of California, and am one of the attorneys of record for Plaintiff People of the State of California.  The following facts are within my personal knowledge and if called as a witness, I could and would competently testify thereto.

2.    The parties in *People of the State of California v. Pac Anchor Transportation, Inc., et al.* have been engaged in litigation for almost nine years, including extensive exchange of information in discovery in which the employment status of the drivers was usually the principal issue.

3.    Prior to removal of the State Court Action, the parties were in the final stages of preparation for trial set for September 11, 2017: final depositions were noticed, the Attorney General was awaiting discovery responses, and two motions by the Attorney General to compel essential discovery were set for hearing on July 14th and 20th, 2017.  The parties have served requests for exchange of expert witness information, which exchange is now in doubt.  The Attorney General has not completed discovery or yet obtained rulings on discovery motions for evidence necessary for trial such as witness names, addresses and telephone numbers, global positioning system data which would indicate where and when drivers worked, and payroll information.

Executed this 27th day of July, 2017 at Los Angeles, California.

_____
Timothy J. Kolesnikow, Deputy Attorney General

LA2017604970

16

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 300 South Spring Street, Suite 1702, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREFORE; DECLARATION OF TIMOTHY J. KOLESNIKOW IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 28, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**David R Haberbush dhaberbush@lbinsolvency.com,
ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,
vhaberbush@lbinsolvency.com,
haberbush.assistant@gmail.com,
jborin@lbinsolvency.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 28, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Hon. Ernest M. Robles (Judge)
Office of the Clerk
Edward R. Roybal Federal Building
And United States Courthouse
255 East Temple Street
Los Angeles, CA 90012**

**(By ACE Messenger Service**)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 28, 2017 | HAIARPI PETROSYAN | /h/Haiarpi Petrosyan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.