# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, August 09, 2017**                                                                                          Hearing Room    1568

10:00 AM
**2:17-18213**    Pac Anchor Transportation Consisting of the Merger                                                    Chapter 11

    **#8.00**    Hearing
RE: [38] Motion to Use Cash Collateral

Docket    38

**Matter Notes:**

8/9/2017

The tentative ruling will be the order.
Party to lodge order: Movant

**POST PDF OF TENTATIVE RULING TO CIAO**

**note to docket:**

**Changes made to the order were placed on the record.  Debtor will lodge a redlined version of the order.**

**Tentative Ruling:**

8/8/2017

For the reasons set forth below, the Debtor is authorized to use cash collateral in accordance with the stipulation entered into between the Debtor and the Lender, through and including December 31, 2017. A further interim hearing on the continued use of cash collateral will take place on December 19, 2017, at 10:00 a.m.

**Pleadings Filed and Reviewed:**
1) Motion of Debtor and Debtor-in-Possession for Order Approving Use of Cash Collateral (the "Motion") [Doc. No. 38]
    a) Notice of Further Hearing on Debtor and Debtor-in-Possession's Motion for Order Approving Stipulation for Interim use of cash Collateral with Secured Creditor California United Bank [Doc. No. 35]

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, August 09, 2017**                                              Hearing Room    1568

10:00 AM
**CONT...**        **Pac Anchor Transportation Consisting of the Merger**                **Chapter 11**
      b)  Notice of Motion of Debtor and Debtor-in-Possession for an Order Authorizing Use of Cash Collateral [Doc. No. 39]
      c)  Statement Regarding Cash Collateral or Debtor-in-Possession Financing [Doc. No. 40]

## I. Facts and Summary of Pleadings

Pac Anchor Transportation, Inc. (the "Debtor") commenced a voluntary Chapter 11 petition on July 6, 2017. The Debtor states that it has sought bankruptcy protection "for the primary purpose of resolving its potential liability associated with its practice of compensating its drivers as 1099 independent contractors rather than as W-2 hourly employees." Motion at 3. The Debtor's wage liability is the subject of two actions, both of which the Debtor has removed to this Court.

On July 13, 2017, the Court authorized the interim use of cash collateral pursuant to a stipulation between the Debtor and California United Bank (the "Lender"). Because insufficient information was available to the Court in the context of the Debtor's first-day motion, the Court declined to make certain findings requested by the Debtor and the Lender. Specifically, the Court declined to find that the Lender's liens were perfected and senior in priority to all other liens, and declined to make any findings with respect to the amount of the Debtor's indebtedness to the lender. The Court explained that such findings would be prejudicial to unsecured creditors, who had had only a limited opportunity to respond to the first-day motion. The Court ordered the Debtor to supply additional evidence in support of the findings it sought at this continued interim hearing.

The Debtor has six secured creditors; however, the liens of five of its secured creditors are limited to the Debtor's trucks and equipment, and do not extend to the proceeds and profits of those trucks and equipment. Consequently, only the Lender holds cash collateral.

On January 10, 2017, Debtor and Lender entered into a Business Loan Agreement (the "Revolving Loan Agreement"), pursuant to which Lender extended the Debtor a $250,000 revolving line of credit. On that same date, the Debtor executed a promissory note in the original principal amount of $910,170 (the "Term Loan"). The Term Loan and Revolving Loan Agreement are secured by all of the Debtor's assets, including equipment, inventory, accounts, and general intangibles. The obligations of the Revolving Loan Agreement and Term Loan are cross-collateralized.

The Debtor seeks continued authorization to use cash collateral pursuant to a stipulation with the Lender (the "Stipulation"). The material terms of the Stipulation

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, August 09, 2017**                                                          **Hearing Room**    **1568**

10:00 AM
**CONT...**       **Pac Anchor Transportation Consisting of the Merger**                    **Chapter 11**
are as follows:
1) Debtor will make monthly adequate protection payments to Lender in the amount of $18,555.74, commencing on August 1, 2017. Proposed Order Authorizing Debtor's Use of Cash Collateral [Doc. No. 38, Ex. 11] at ¶2.2.
2) Debtor waives any rights it may have to use cash collateral other than in accordance with the terms of the Stipulation, and waives the right to object to any claim or lien in favor of the Lender. *Id.* at ¶4.1.
3) Debtor waives the right to seek to surcharge the Lender's collateral under §506 (c). *Id.* at ¶4.2.
4) Lender shall be granted a replacement lien in all prepetition and postpetition assets in which the Debtor holds an interest (the "Postpetition Lien"). *Id.* at ¶ 2.1.1. The Postpetition Lien shall be senior in priority to any and all prepetition and postpetition claims, rights, liens and interests, but subject only to any lien or security interest that is valid, perfected, and senior to the interest of Lender as of the Petition Date and not otherwise avoided or preserved under section 551. *Id.* at ¶2.1.2.

## II. Findings and Conclusions

Section 363(c)(2) requires court authorization for the use of cash collateral unless "each entity that has an interest in such cash collateral consents." In the Ninth Circuit, satisfaction of Section 363(c)(2)(A) requires the "affirmative express consent" of the secured creditor; "implied consent," resulting from the failure of the secured creditor to object to use of cash collateral, does not satisfy the requirements of the statute. *Freightliner Market Development Corp. v. Silver Wheel Freightlines, Inc.*, 823 F.2d 362, 368-69 (9th Cir. 1987). Absent affirmative express consent, the Debtors "may not use" cash collateral absent the Court's determination that the use is "in accordance with the provisions" of Section 363—that is, that the secured creditor's interest in the cash collateral is adequately protected. Section 363(c)(2)(B); Section 363(e).

A secured creditor's interest is adequately protected if the value of its collateral is not declining; the secured creditor is not entitled to payment to compensate for its inability to foreclose upon the collateral during bankruptcy proceedings. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988).

The Court approves the Stipulation between the Debtor and the Lender in its entirety. The Debtor has submitted a UCC title search establishing that the Lender's liens are senior in priority to all other liens. The Court will make the findings as

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
Courtroom 1568 Calendar

**Wednesday, August 09, 2017**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room    1568**

10:00 AM
**CONT...**　　　　**Pac Anchor Transportation Consisting of the Merger**　　　　**Chapter 11**

requested by the Debtor and Lender with respect to the priority of the Lender's security interest and the amount of the indebtedness under the Revolving Line of Credit and Term Loan.

　　　The Debtor is authorized to use cash collateral in accordance with the terms of the Stipulation, through and including December 31, 2017. A further interim hearing on the continued use of cash collateral will take place on December 19, 2017, at 10:00 a.m. The Debtor must submit additional briefing in support of the continued use of cash collateral by no later than December 5, 2017. Any response to the Debtor's additional briefing must be filed by no later than December 12, 2017. The Debtor must provide notice of the continued interim hearing to the Lender and the twenty largest unsecured creditors, and file a proof of service so indicating, by no later than November 28, 2017.

　　　The Debtor shall submit a conforming order, incorporating this tentative ruling by reference, within seven days of the hearing.


No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Nathaniel Reinhardt or Daniel Koontz at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.


|                **Party Information**                |
| --- |

**Debtor(s):**

　　Pac Anchor Transportation Inc　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　　　　　　Vanessa M Haberbush
　　　　　　　　　　　　　　　　　　　　　　　　　Lane K Bogard
　　　　　　　　　　　　　　　　　　　　　　　　　David R Haberbush

**Movant(s):**

　　Pac Anchor Transportation Inc　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　　　　　　Vanessa M Haberbush
　　　　　　　　　　　　　　　　　　　　　　　　　Lane K Bogard

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Wednesday, August 09, 2017**                         **Hearing Room**    **1568**

<u>10:00 AM</u>
**CONT...**     **Pac Anchor Transportation Consisting of the Merger**            **Chapter 11**

                                                                      David R Haberbush